# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN WILLIAMS, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS (SUPERINTENDENT), | : | NO. 12-01323 |
| ET AL., | : | |

## M E M O R A N D U M

**Stengel J.,**                                                                                     **April 29, 2013**

Plaintiff, Kevin Williams', claims arise from incidents that took place at S.C.I.
Chester.  Plaintiff alleges that during his incarceration he was called a snitch by a
correctional officer in front of other inmates and experienced great emotional distress and
fear of personal safety as a result.  He is suing Correctional Officer Colon,
Superintendent Thomas, Captain Terra, and the Department of Corrections for violations
of his constitutional rights.  Defendants filed a motion to dismiss on July 27, 2012.[1]  For
the reasons set forth below, I will grant the motion in part and deny it in part.

## I.     Background

Plaintiff is an inmate who is currently serving a sentence at S.C.I. Chester.  On
December 11, 2011, January 6, 7 and 8, 2012, and March 3, 2012, Williams claims that
Defendant Colon called him a snitch and threatened to hurt him in front of about 20 to 30
other inmates.  Compl. at 3.  These inmates later approached Williams and told him that
he would be harmed if he kept writing grievances against Colon.  Id.  Plaintiff alleges that

---

[1] Although I appointed counsel for Plaintiff from the Prisoner Civil Rights Panel, after a six months with no activity,
I Ordered that the Plaintiff notify the Court within thirty (30) days of his intentions to secure private counsel or
proceed *pro se*.  (Doc. No. 14).  Plaintiff has not complied with the Order.

Colon told members of two gangs that he was a snitch who worked for the prison gang unit.  <u>Id.</u>

Additionally, during this time, Colon called him names such as "bitch," "pussy" and "black boy." [2]  <u>Id.</u>  Three or four inmates accused Williams of being a snitch and told him that they would hurt him because of Colon's statements to them.  <u>Id.</u>  As a result of these incidents, Plaintiff feared for his life, he received counseling due to mental stress, and he was placed in protective custody.  <u>Id.</u>  Williams was never hurt by Colon or other Chester inmates as a result.

## II.   <u>Standard</u>

A motion to dismiss under Rule 12(b)(1) is the proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal subject matter jurisdiction.[3] <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 694 n. 2 (3d Cir.1996) (citing <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 98-100 (1984)).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure examines the legal sufficiency of the complaint.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  In determining whether to grant a motion to dismiss, a federal court must construe the

---

[2] As a note, prisoners have no constitutional right to be free from harassment.  <u>Greene v. Mazzuca</u>, 485 F. Supp.2d 447, 451 (S.D. N.Y. 2007).  Harassment may be so drastic as to violate the Eighth Amendment's right to be free from cruel and usual punishment, but only in the harshest of circumstances.  <u>Id.</u> at 451.  The alleged harassment must be objectively and sufficiently serious, denying the inmate the minimal civilized measure of life's necessities. <u>Id.</u> (citing <u>Farmer</u>, supra, 511 U.S. at 834).

[3] The Eleventh Amendment provides that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Id.; see also D.P. Enters. v. Bucks Cnty. Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim.  Conley, 355 U.S. at 47.  Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.  The "complaint must allege facts suggestive of [the proscribed] conduct."  Twombly, 550 U.S. at 564.  Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true.  See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Se. Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)).  The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

## III.  **Discussion**

Plaintiff argues that by engaging in the acts set forth above, the Defendants violated his constitutional rights.  Plaintiff claims that Defendants are liable under 42 U.S.C. § 1983 because the correctional officer made false statements, which put Plaintiff

in fear that other inmates would harm him.[4]  He also alleges Defendants violated his
Eighth Amendment rights for failing to protect him from harm by other inmates.
Defendants argue that the Eleventh Amendment bars Plaintiffs claims against all the
Defendants in their official capacities.  Additionally, Defendants contend that Plaintiff
has failed to state a claim against any of the Defendants for personally violating
Plaintiff's constitutional rights.

Plaintiff does not specify in his Complaint whether he is suing Defendants in their
official or individual capacity.  Because the plaintiff is a *pro se* litigant, his complaint is
"to be liberally construed" and "held to less stringent standards than formal pleadings
drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007), quoting Estelle v.
Gamble, 429 U.S. 97, 106 (1976).  Therefore, I interpret his complaint as alleging claims
against Defendants in both capacities.

1.  Claims Against Defendants in Their Official Capacities

The Eleventh Amendment bars Plaintiff's § 1983 claims against the DOC,
Thomas, Terra and Colon in their official capacities.  Absent consent by the State, the
Eleventh Amendment bars suits in federal court by private parties against states, state
agencies, and state officials in their official capacities.  Idaho v. Coeur d'Alene Tribe of
Idaho, 521 U.S. 261, 267- 270 (1997); Seminole Tribe of Florida v. Florida, 517 U.S. 44,
54 (1996); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984).  The

---

[4] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

bar extends to suits against departments or agencies that have no existence apart from the state.  Laskaris v. Thornburgh, 661 F. 2d 23, 25 (3d Cir. 1981).  As when the state itself is named as the defendant, a suit for damages against a state agency or official in his official capacity is barred.  Seminole Tribe, 517 U.S. at 58; Edelman v. Jordan, 415 U.S. 651, 667 (1974); Lavia, 224 F. 3d at 195.

There are exceptions to Eleventh Amendment immunity, but Plaintiff does not fit within any of the three as Pennsylvania has expressly withheld consent to suit in federal court, congress has not abrogated Eleventh amendment immunity under §1983 actions, and Plaintiff is not seeking an injunction.[5]  Additionally, the court of appeals has held that none of these exceptions apply to prison officials acting in their official capacity. See Walker v. Zenk, 323 F. App'x 144, 148 (3d Cir. 2009) (affirming the denial of plaintiff's motion to amend his complaint because claims against Bureau of Prison employees in their official capacity "would remain barred by sovereign immunity."); Durham v. Dep't of Corr., 173 Fed. Appx. 154, 156 (3d Cir. 2006) (affirming District Court's dismissal of Department of Correction employees to the extent that they were sued in their official capacities).  Therefore, Plaintiff's § 1983 claims for damages against the Defendants Thomas, Terra and Colon in their official capacities are barred.

---

[5] The exceptions are: 1) where a state has waived its immunity and has consented to be sued in federal court.  Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984).  2) Where Congress validly abrogates sovereign immunity through its enforcement powers pursuant to the Fourteenth Amendment to the United States Constitution.  Seminole Tribe of Florida, 517 U.S. at 57-73; Quern v. Jordan, 440 U.S.332 (1979).  And 3) Where plaintiff sues state officials in their official capacities seeking only prospective injunctive relief for a continuing violation of federal law.  Ex Parte Young, 209 U.S. 123, 159-60 (1908); Idaho v. Coeur D'Alene Tribe, 521 U.S. 261, 269 (U.S. 1997)

Plaintiff's claim against the DOC for damages is also barred.  Because the DOC is part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity.  71 P.S. § 61; see also Lavia v. Pennsylvania, Department of Corrections, 224 F.3d 190, 195 (3d Cir. 2000); Mincy v. Klem, C.A. No. 1:08-0066, 2009 WL 331432 at *3 (M.D. Pa. Feb. 9, 2009).  Therefore, I will dismiss Plaintiff's claims against all Defendants in their official capacities.

   2.   Plaintiff's Claims Against Defendants in their Individual Capacities

To state a cause of action under §1983, Plaintiff must prove that (1) Defendants acted under color of state law; and (2) Defendants deprived Plaintiff of a federal right. Liability under § 1983 is personal in nature and a defendant is liable only if he was personally, affirmatively involved in the alleged wrongdoing.[6]  Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir. 1997), abrogated in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).  A state actor may be liable under § 1983 in either of two ways.  Monell v. N.Y. City Dept. of Soc. Servs., 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

First, a state actor may be liable "for someone else's constitutional tort, that is, for 'causing' the plaintiff to be subjected to the constitutional violation."  Sample, 885 F.2d at 1113.  To show that the defendant caused the alleged constitutional violation, "the plaintiff must identify a specific policy or practice that the supervisor failed to employ . .

---

[6] It is well-settled that neither a state nor its agencies is a "person" as that term is used in §1983 and, thus, not subject to suit.  Hafer v. Melo, 502 U.S. 21, 25-27 (1991).

6

. . ."[7] Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).  Second, a state actor

may be liable when he "subjects" an individual to a constitutional violation.  Where a

prisoner alleges that a prison official has violated his Eighth Amendment rights, the

prisoner must show that the prison official acted with deliberate indifference to a

substantial risk of serious harm.[8]

In the instant case, Plaintiff asserts that Defendants violated his Eighth

Amendment right to be free from cruel and unusual punishment by failing to protect him

from other inmates after Defendant Colon called him a "snitch."  In order for Plaintiff's

§ 1983 claim to proceed against each Defendant, he must first establish the existence of a

constitutional violation.  Ogden v. Mifflin County, No. 1:06-cv-2299, 2008 U.S. Dist.

LEXIS 81681, 2008 WL 4601931, at *3 (M.D. Pa. Oct. 15, 2008); Hudson v. McMillian,

503 U.S. 1, 9 (1992).

To prevail on an Eighth Amendment claim for failure to protect an inmate from

harm by other inmates, the plaintiff must show that he is incarcerated under conditions

posing a (1) substantial risk of serious harm, the objective component, and that the prison

---

[7]  In Sample, the Court of Appeals adopted a four part test to determine when a supervisor's policies or practices led to an Eighth Amendment violation. Sample, 885 F.2d at 1118.  Under Sample a plaintiff must show that: "(1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.  Sample, 885 F.2d at 1118.

[8]  A defendant who supervised the wrongdoer, but did not personally participate in the wrongful act, is not liable under § 1983 on a theory of respondeat superior unless he personally directed or had actual knowledge of, and acquiesced in, the deprivation.  Polk County v. Dodson, 454 U.S. 312, 325 (1981) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).  Additionally, a defendant who lacked any supervisory power over the wrongdoer and who was not personally, affirmatively involved in the alleged wrongful conduct is not liable under  § 1983.  Id.

official was (2) deliberately indifferent to his safety, the subjective component.[9]  <u>Griffin v. Vaughn</u>, 112 F.3d 703, 709 (3d Cir. 1997); <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>see also</u> <u>Tillman v. Lebanon Cty. Correctional Facility</u>, 221 F.3d 410, 418 (3d Cir. 2000).  The subjective component goes to the intent of the prison official, who must actually know of that excessive risk and, in turn, disregard it.  <u>Farmer</u>, 511 U.S. at 837.

A.  <u>Defendants Thomas and Terra</u>

Plaintiff does not allege any action or inaction by Thomas and Terra that could be interpreted as failing to train or encouraging Defendant Colon or other correctional officers to label inmates as snitches.  <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. Pa. 2008) (citing <u>Twombly</u>, 550 U.S. at 556) (stating complaint must contain facts to suggest that "discovery will reveal evidence of" element of claim).  Further, Plaintiff has not pled facts demonstrating any sort of personal involvement by Thomas and Terra.[10]  He does not suggest that Thomas and Terra personally directed Colon to call him a snitch or even had supervisory authority over Colon.  The Complaint also lacks facts indicating that Thomas and Terra had contemporaneous knowledge of the incidents

---

[9] The state has a duty to protect inmates from unwarranted physical injury.  A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror.

[10] A complaint that names a defendant in the caption but contains no allegation as to how the defendant violated the law or injured the plaintiff should be dismissed.  <u>Harper v. Albo</u>, 2011 U.S. Dist. LEXIS 95651 (E.D. Pa. Aug. 24, 2011).  <u>See also</u> <u>Carrasquillo v. Rendell</u>, C.A. No. 09-347, 2009 WL 1940394, *3 (W.D. Pa. June 30, 2009)(dismissing several defendants because "[t]he allegations of the complaint never specifically mention actions taken on the part of [those defendants].  This alone is sufficient to dismiss the complaint against them"); <u>Richardson v. Deutsche Bank Trust Co.</u>, No. 3:08-CV-1857, 2008 WL 5225824 at *3 (M.D. Pa. Dec. 12, 2008)("complete absence of allegations" against certain individual defendants failed to state a claim, failed to raise "reasonable expectation that discovery will reveal evidence of the necessary elements required to support Plaintiff's claims" and failed to provide "the type of notice of claim which is contemplated by Rule 8.").  Although Thomas and Terra are named in the caption of the Complaint, Plaintiff fails to allege how they violated his rights or mention their names at all in the body of the Complaint.

or acquiesced in them.  Plaintiff fails to provide facts indicating that Thomas and Terra

were aware of an unreasonable risk of harm to Plaintiff and were deliberately indifferent

to such a risk.  Lastly, to the extent that Plaintiff sues Thomas and Terra because of their

supervisory positions as superintendent and captain, they should be dismissed from the

complaint as *respondeat superior* is an insufficient basis for liability.  Therefore, the

Complaint the fails to adequately plead facts or make any argument that the Defendants

Terra and Thomas can be sued under § 1983 and the Complaint will be dismissed.

However, it is conceivable that Plaintiff simply neglected to assert facts supporting his

claim. Therefore, I will grant Plaintiff thirty days to file an amended complaint to address

the deficiencies discussed above.[11]

B.  Defendant Colon

In his Complaint, Plaintiff avers that Defendant Colon's statements labeling

Plaintiff a "snitch" led to mental and emotion distress.  In response, Defendants argue

that because Plaintiff failed to allege any physical injury as a result of those statements,

he has failed to state a claim upon which relief can be granted.  See Futch v. McKinnon,

2008 U.S. Dist. LEXIS 57596 (D.N.J. July 23, 2008) (holding that the conclusory

allegation that Plaintiff is "in fear of his life from other inmates" is not sufficient to state

a claim under the Eighth Amendment for failure to protect).  Additionally, 42 U.S.C. §

1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined

in a jail, prison, or other correctional facility, for mental or emotional injury suffered

---

[11] I will grant Plaintiff leave to amend his complaint with respect to his claims against Thomas and Terra.  He is advised, however, that if he chooses to do so he must allege facts demonstrating that these Defendants were personally involved in the deprivation of his rights.

while in custody without a showing of physical injury."  But Section 1997e(e) only

applies to claims for compensatory damages under the Eighth Amendment.  Mitchell v.

Horn, 318 F.3d 523, 533 (3d Cir. 2003).  It does not bar claims for nominal damages,

punitive damages, or prospective equitable relief, such as injunctive or declaratory relief.

Id. at 533-34.  See Doe v. Delie, 257 F.3d 309, 314 n.3 (3d Cir. 2001) ("However, §

1997e(e) does not bar claims seeking  nominal damages to vindicate constitutional rights,

nor claims seeking punitive damages"); Allah v. Al-Hafeez, 226 F.3d 247, 251-52 (3d

Cir. 2000) (holding that § 1997e(e) does not bar nominal and punitive damages for

violations of constitutional rights even in the absence of physical injury).

   To the extent that Plaintiff only claims emotional distress without having suffered any

physical injury, a claim for compensatory damages is precluded.  42 U.S.C. § 1997e(e).

The plaintiff does not seek prospective equitable relief.  Rather, he only seeks monetary

damages and requests to have Defendant Colon retrained and evaluated as well as the

prison investigated.  He seeks over five million dollars from the Defendants for the

alleged violation of his rights.  He does not explicitly seek punitive damages, but the

amount of damages that he requests may be viewed as an indication that he is seeking

punitive damages.  He also does not explicitly seek nominal damages.  But he is not

required to plead that he is seeking nominal damages.  See Mitchell v. Horn, 318 F.3d 52,

533 n.8 (3d Cir. Pa. 2003).

   A. Substantial Risk of Harm

       Courts in the Third Circuit have recognized that being labeled a "snitch" may

constitute an Eighth Amendment violation if the prison official acted with deliberate

indifference to a substantial risk of serious harm to the inmate.  Cooper v. Beard, 2006 U.S. Dist. LEXIS 80655, *30 (E.D. Pa. 2006) ("[A] correction officer's labeling a prisoner a snitch constitutes an Eighth Amendment violation."); Culver v. Specter, 2012 U.S. Dist. LEXIS 145213 (M.D. Pa. Oct. 9, 2012)( "Labeling an inmate a snitch may give rise to an Eighth Amendment violation if the prison official acted with deliberate indifference to a substantial risk of serious harm to the inmate."); Hendrickson v. Emergency Med. Servs., 1996 U.S. Dist. LEXIS 13561, at *18 (E.D. Pa. Aug. 20, 1996) (denying defendants' summary judgment motion because of factual issue as to whether a guard called prisoner a snitch in front of other inmates); Rodriguez v. Hayman, 2009 U.S. Dist. LEXIS 109515 (D.N.J. Nov. 23, 2009)(finding that the single most important fact is that Plaintiff was a "snitch" because an inmate being labeled a snitch creates a substantial risk of harm); Shockley v. McCarty, 677 F. Supp. 2d 741, 746-47 (D. Del. 2009) (declining to dismiss plaintiff's Eighth Amendment claim when plaintiff alleged defendant told other inmates he was a snitch); Rivera v. Tennis, 2010 U.S. Dist. LEXIS 85468, 39-40 (M.D. Pa. May 20, 2010) (same).[12]

Plaintiff's claims are not limited to mere verbal harassment but, rather, also include allegations that he suffered scorn, mental distress and was involved in threatening

---

[12] Other courts have recognized "that being branded a 'snitch' may have serious consequences to an inmate's health."  Tillery v. Owens, 719 F. Supp. 1256, 1276-77 (W.D. Pa. 1989); see also Blizzard v. Hastings, 886 F. Supp. 405, 410 (D. Del. 1995) (stating that being labeled a snitch "can put a prisoner at risk of being injured"); Miller v. Leathers, 913 F.2d 1085, 1088 n.* (4th Cir. 1990) (stating, "[i]t is impossible to minimize the possible consequences to a prisoner of being labelled [sic] a 'snitch,'" in support of prisoner's retaliation claim); Thomas v. District of Columbia, 887 F. Supp. 1, 4 (D.D.C. 1995) (concluding that being "physically confronted by and threatened by inmates" after a guard started a rumor that prisoner was a snitch was "sufficiently harmful to make out an Eighth Amendment excessive force claim;" "in the prison context . . . one can think of few acts that could be more likely to lead to physical injury [to an inmate] than spreading rumors of . . . informing").

altercations with other inmates.  An inmate need not wait until actual attack occurs to

obtain relief.[13]  Benefield v. McDowall, 241 F.3d 1267, 1270-72 (10th Cir. 2001).  In

making this objective determination of whether the risk of an inmate being assaulted by

other inmates is sufficiently serious to trigger constitutional protection under the Eighth

Amendment, "the focus must be, not the extent of the physical injuries sustained in the

attack, but rather the existence of a substantial risk of serious harm."  Pearson v. Vaughn,

102 F. Supp. 2d 282, 290 (E.D. Pa. 2000).

     In Joseph v. Asure, 2012 U.S. Dist. LEXIS 15812 at 6-7 (M.D. Pa. Feb. 7, 2012),

the court adopted a report and recommendation dealing with facts similar to the case at

hand.  In Asure, plaintiff alleged that the correctional officer labeled him a child molester

in front of other inmates.  Citing Benefield, the court overruled the defendant's objections

to the report and recommendation and found that although plaintiff did "not specifically

allege that he was physically attacked by other inmates due to defendants' statements …

Plaintiff [] sufficiently pled that defendants violated the Eighth Amendment by

knowingly placing him in a class of inmates subject to serious bodily harm."  Joseph v.

Asure, 2012 U.S. Dist. LEXIS 15812, 6-7 (M.D. Pa. Feb. 7, 2012) (citing Benefield, 241

F.3d at 1271-72).  See also Renchenski v. Williams, 622 F.3d 315 (3d Cir. Pa. 2010)

(stating that "[i]t is largely without question . . . that the sex offender label severely

stigmatizes an individual, and that a prisoner labeled as a sex offender faces unique

---

[13] The Court Appeals for the Fourth Circuit acknowledged "The eighth amendment prohibits punishments which involve the unnecessary and wanton infliction of pain."  Shrader v. White, 761 F.2d 975, 980 (4th Cir. 1985).  Hence, the court concluded that fear of attack must "result in significant mental pain to be of constitutional dimensions."  Id. at 979.  See also Davis v. Sancegraw, 850 F. Supp. 809, 813 (E.D. Missouri 1993) (verbal insults or threats, including racial slurs, by a prison official does not violate the Eighth Amendment except when the verbal threat rises to the level of a "wanton act of cruelty" such that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians").

challenges in the prison environment" and citing studies which support the proposition that inmate norms call for the savage beating of sex offenders).[14]

Additionally, considering the cases above and the danger of labeling a prisoner a "snitch," district courts in this Third Circuit have found that the mere act of labeling a prisoner a snitch constitutes a substantial risk of harm.  See Thomas v. Cumberland County Corr. Facility, 2011 U.S. Dist. LEXIS 147894 (D.N.J. Dec. 22, 2011).  See Rodriguez v. Hayman, Civ. No. 08-4239, 2009 U.S. Dist. LEXIS 109515, 2009 WL 4122251, at *7 (D.N.J. Nov. 23, 2009) (finding that "[a]n inmate being labeled a snitch creates a substantial risk of harm.").  See also Benefield v. McDowall, 241 F.3d 1267, 1271 (10th Cir. 2001) (holding that prison officials labeling an inmate a snitch satisfies the Farmer standard); Reece v. Groose, 60 F.3d 487, 491 (8th Cir. 1995) (holding that an

---

[14] However, in Smith v. Pa. Dep't of Corr., 2011 U.S. Dist. LEXIS 113542 (W.D. Pa. Sept. 30, 2011), plaintiff claimed that his Eighth Amendment rights were violated by Defendants created an unsafe living condition for him by purposely assigning him to a block where he had been called a "fucken Jew" and harassed by skin heads.  The court found that plaintiff did not set forth an Eighth Amendment claim because he simply alleged fear from injury and emotional distress with no physical injury.  The court held that fear of injury was not sufficient to state an Eighth Amendment claim.

Additionally, in Albert v. Karnes, 2008 U.S. Dist. LEXIS 22269, 2008 WL 755804 (M.D.Pa. 2008), the plaintiff inmate alleged that a corrections officer made false statements about him to other inmates, which caused the plaintiff to be labeled a "snitch."  As a result, the plaintiff alleged that his life was threatened by other inmates.  Plaintiff did not allege any physical injury, but claimed damages for fear and emotional injuries stemming from the threats that resulted from the corrections officer's statements.  Plaintiff filed a written complaint with allegations that plaintiff was labeled a "snitch."  Because there was potential for other inmates to discover these allegations, plaintiff was relocated to the prison's Restricted Housing Unit ("RHU") and placed in administrative segregation.  After analyzing the Eighth Amendment, the court found that plaintiff had not stated a successful claim because he failed to allege how any of the defendants were aware of any substantial risk of serious harm to him because of the alleged statements and that Defendants disregarded that risk stating:

> Viewing the complaint in the light most favorable to the plaintiff, Albert has failed to state a claim that any defendant was deliberately indifferent to the risk of harm other inmates posed to him as a result of [the correction officer's] alleged statements.  His complaint simply states that his life has been threatened; he does not allege that any named defendant was aware of any substantial risk of serious harm to Albert because of the alleged statements, nor does he allege that defendants disregarded that risk.  As such, Albert has failed to state a claim for relief on this issue.

Albert, 2008 U.S. Dist. LEXIS 22269, [WL] at *6.

inmate being a known snitch is an obvious risk for which prison officials must take reasonable measures to abate the risk).

Having determined that Plaintiff has sufficiently met the first part of the Farmer test, I will consider whether Plaintiff has sufficiently alleged that the Defendants deliberately disregarded the substantial risk.

B. Deliberate Indifference

Deliberate indifference requires "obduracy and wantonness ... [,] which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." Rouse, 182 F.3d at 197.  Deliberate indifference is a subjective inquiry, while risk of harm is evaluated objectively.  Atkinson v. Taylor, 316 F.3d 257, 262 (3d Cir. 2003). Deliberate indifference can be shown when "a prison official knows of and disregards an excessive risk to inmate health or safety."  Farmer, 114 S. Ct. at 1979.  This focus centers on what a defendant's mental attitude actually was, rather than what it should have been. Id. at 1980.  Knowledge may be shown where the official has actual notice of the risk, Nami v. Fauver, 82 F.3d 63, 67-68 (3d Cir. 1996), or where the risk was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it."  Farmer, 511 U.S. at 842.  Moreover, the standard is a "stringent standard of fault requiring proof that a [state official] disregarded a known or obvious consequence of his action."  Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 410 (1997).

However, after a prisoner makes a prima facie demonstration of deliberate indifference, an official can rebut the allegation "either by establishing that he did not have the requisite level of knowledge or awareness of the risk, or that, although he did know of the risk, he took reasonable steps to prevent the harm from occurring." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001); Reed v. Harpster, 2012 U.S. Dist. LEXIS 96611 at *15-16 (M.D. Pa. July 12, 2012). "[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishment Clause." Farmer, 511 U.S. at 845, 114 S.Ct. at 1983.

In Tabb v. Hannah, 2012 U.S. Dist. LEXIS 106529 (M.D. Pa. July 30, 2012), the prisoner alleged he notified the prison on four separate occasions that CO Barnett labeled him a snitch, putting his life in danger. However, the court noted that there were no allegations that the plaintiff was at risk of harm from his cellmate, that he was afraid of cellmate or any other prisoner. Accordingly, the court found that there were insufficient allegations to suggest the prison officials failed to protect Plaintiff from harm after the correctional officer allegedly labeled him a rat and a snitch.

Because Plaintiff has raised a factual issue as to whether prison employees referred to him as a snitch in front of other inmates and did so knowing that this placed Plaintiff at a substantial risk of serious harm, this claim will not be dismissed. In Cuciak v. Bd. of Chosen Freeholders, the Court did not require the plaintiff to provide evidence that the defendant had specific knowledge that the assailant posed a risk to the plaintiff. Cuciak v. Bd. of Chosen Freeholders, No. 05-2658, 2005 U.S. Dist. LEXIS 31317, 2005 WL 2217015 at *34 (D.N.J. Dec. 6, 2005) (finding that evidence that the defendant

15

prison official knew that the plaintiff faced a general risk in his housing unit from gang members was sufficient to support a finding of deliberate indifference.).

To the extent Plaintiff can show that the Defendant made deliberate disclosures to inmates with the intent to incite them to cause harm to Plaintiff, the Court believes that Plaintiff may state a failure to protect claim. It is possible Plaintiff can show that Defendant Colon created and fostered a risk of harm when he identified him to other inmates as a snitch. In light of the fact that plaintiff in proceeding *pro se*, I find that plaintiff has alleged sufficient facts, albeit barely, to survive the present motion to dismiss. For these reasons, the motion to dismiss the failure to protect claim against Defendant Colon will be denied.

**IV.    Conclusion**

For the reasons stated above, I will grant in part and deny in part Defendants' Motion to Dismiss.

An appropriate Order follows.